WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Junior Standly Martinez-Martinez,<br><br>Defendant. | No. CR-22-00574-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Junior Standly Martinez-Martinez's Motion to Dismiss the Indictment (Doc. 36, "Mot."), to which the government filed a Response in opposition (Doc. 44, "Resp.") and Defendant filed an Amended Reply in support (Doc 48, "Reply").[1] At the Court's direction, the government also filed a Sur-Reply (Doc. 51). Neither party requested oral argument or an evidentiary hearing at which to supplement the evidence that accompanied their briefing. Having reviewed the parties' evidence and briefing, the Court finds oral argument would not aid in its resolution of these matters. *See* LRCiv 7.2(f). For the reasons set forth below, the Court denies Defendant's Motion.

**I.   BACKGROUND**

Defendant is a citizen of Honduras. In August 1992, he became a Lawful Permanent Resident of the United States. In October 1997, he was convicted in New York State Supreme Court of grand larceny in the fourth degree, in violation of New York Penal Law

---

[1] The Court understands Defendant's Amended Reply to have superseded the Reply he initially filed three days earlier (Doc. 47). The Court has also noted and incorporated Defendant's Notice of Errata (Doc. 43).

§ 155.30. (Doc. 43; Resp. at 2.) The government thereafter initiated removal proceedings against Defendant. (Doc. 44-1 at 2.) On August 31, 1998, an Immigration Judge ordered him removed from the United States. (Doc. 44-1 at 3.)

The August 31, 1998 Removal Order included a notation that Defendant's right to appeal was "RESERVED by alien/atty," with any appeal due by September 30, 1998. (Doc. 44-1 at 3.) On September 3, 1998, Antonio C. Martinez filed a Notice of Appeal to the Board of Immigration Appeals ("BIA") on Defendant's behalf. (Doc. 44-1 at 4–7.) The Notice of Appeal listed Mr. Martinez as Defendant's attorney or representative, with an address of 324 West 14th Street in Manhattan. (Doc. 44-1 at 5.) The Notice of Appeal included a brief statement of reasons for the appeal but indicated Defendant would file an additional "separate written brief or statement." (Doc. 44-1 at 5, 6–7.)

On November 3, 1998, an attorney for the government, Daniel Brown, wrote a memorandum to Defendant's A-File stating in full:

> On this day I spoke with Pablo Polastri, Esq. who represents the [non-citizen] referenced above. I informed him that the [non-citizen] had given his deportation officer a written request to withdraw his appeal from the order of removal. I informed him that I was going to send this request to the BIA and that I would forward him a copy of this request. He stated that he was aware that the [non-citizen] was contemplating withdrawing the appeal but did not know that he had actually done so. He made no objection to my sending the request to withdraw the appeal to the Board.

(Doc. 44-1 at 9.) The government has submitted a copy of a handwritten letter which it purports to be the written request referenced in the memorandum. The letter reads:

> I, MARTINEZ, Stephen A43-563-483, wish to withdraw my appeal with the Board of Immigration Appeals. I am a Citizen of Honduras.
>
> Stephen Martinez
> 10/29/98

(Doc 44-1 at 8.[2]) On November 3, 1998, Mr. Brown transmitted the handwritten letter to the BIA by fax, along with a certification of service stating:

> I hereby certify that a true copy of the foregoing document was hand delivered to the respondent Junior Martinez and sent by regular U.S. mail to his attorney Antonio Martinez Esq., 324 West 14th Street, New York, NY 1014-5096 on November 3, 1998.

(Doc. 44-1 at 10.) On March 26, 1999, Antonio Martinez filed a Withdrawal of Appeals in the BIA, stating that Defendant, "by and through his undersigned attorney, hereby withdraws any and all appeals that are pending before the Board of Immigration Appeals." (Doc. 44-1 at 11.) Defendant was thereafter deported to Honduras.

Defendant concedes that he subsequently reentered the United States without inspection on several occasions. (Mot. at 2; *see* Resp. at 3–4.) In an Indictment filed on May 31, 2022, the grand jury charged Defendant with one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and an enhancement under § 1326(b)(1). (Doc. 9.) Defendant now moves to dismiss the Indictment under 8 U.S.C. § 1326(d), arguing that the 1998 Removal Order violated his due process rights because the proceedings in which it was issued deprived him of judicial review and were fundamentally unfair.

## II. LEGAL STANDARD

A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a due process right "to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004) (citing *United States v. Mendoza-Lopez*, 481 U.S. 828, 837–38 (1987)). Congress codified in § 1326(d) a mechanism through which to collaterally attack a removal order. To sustain a collateral attack, the defendant must demonstrate that:

> (1) the [defendant] exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the [removal] proceedings at which the order was issued improperly deprived the [defendant] of the opportunity for judicial review; and

---

[2] The Notice to Appear initiating Defendant's 1998 removal proceedings alleges "Stephen Martinez" as another name by which Defendant was known. (Doc. 44-1 at 2.) The A-Number on the handwritten letter also matches Defendant's A-Number.

(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d); *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014), *abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020). To satisfy the third prong, the defendant must show "that the deportation proceeding violated his due process rights and that the violation caused prejudice." *Raya-Vaca*, 771 F.3d at 1201–02 (citation and quotation marks omitted).

It is the defendant's burden to satisfy each of § 1326(d)'s requirements. *See, e.g.*, *United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1130 & n.6 (9th Cir. 2013). Ninth Circuit precedent previously excused defendants from the first two statutory requirements if they were not convicted of an offense that made them removable in the first place. *See United States v. Ochoa*, 861 F.3d 1010, 1015 (9th Cir. 2017). The Supreme Court rejected that practice in *United States v. Palomar-Santiago*, finding it incompatible with the text of § 1326(d). 141 S. Ct. 1615, 1620–21 (2021). The Court held

> § 1326(d)'s first two procedural requirements are not satisfied just because a noncitizen was removed for an offense that did not in fact render him removable. Indeed, the substantive validity of the removal order is quite distinct from whether the noncitizen exhausted his administrative remedies (by appealing the immigration judge's decision to the BIA) or was deprived of the opportunity for judicial review (by filing a petition for review of a BIA decision with a Federal Court of Appeals).

*Id.* at 1621. Thus, "'defendants must meet *all three*' requirements of § 1326(d), meaning that a failure to satisfy *any* of the three prongs dooms a collateral attack on a removal order." *United States v. Castellanos-Avalos*, 22 F.4th 1142, 1146 (9th Cir. 2022) (emphasis in original) (quoting *Palomar-Santiago*, 141 S. Ct. at 1620–21).[3]

/ / /

---

[3] Ninth Circuit precedent has recognized other circumstances in which defendants may be excused from § 1326(d)'s first two requirements, including (1) "when the IJ failed to inform the [non-citizen] that he had a right to appeal his [removal] order to the BIA"; (2) when the IJ failed "to inform the [non-citizen] that he is eligible for a certain type of relief"; and (3) when the defendant waived his right to appeal to the BIA, but can show that his waiver was "not considered and intelligent." *Castellanos-Avalos*, 22 F.4th at 1145 (quoting *Gonzalez-Villalobos*, 724 F.3d at 1130–31). The Ninth Circuit has yet to squarely address how *Palomar-Santiago* may affect these three doctrines. *Id.* at 1146. Defendant did not raise any of these doctrines in his Motion or Amended Reply.

## III.  ANALYSIS

The parties dispute whether Defendant has satisfied each of § 1326(d)'s requirements, which he must do to succeed in collaterally attacking his 1998 Removal Order. *See United States v. Alvarez*, 60 F.4th 554, 556 (9th Cir. 2023) ("To successfully challenge his removal order, [defendant] must satisfy all three requirements." (citing *Palomar-Santiago*, 141 S. Ct. at 1620–21)). As set forth below, the Court finds Defendant has not satisfied the first and second requirements. The Court therefore does not reach his argument that he satisfied the third requirement because the IJ erred in concluding his New York conviction constitutes an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(G). *See id.*; *Castellanos-Avalos*, 22 F.4th at 1146.

### A.  Exhaustion of Administrative Remedies

Defendant initially argued his immigration counsel rendered ineffective assistance in failing to file a notice of appeal from the 1998 Removal Order, justifying any failure to exhaust his administrative remedies. (Mot. at 3–5.) *See United States v. Lopez-Chavez*, 757 F.3d 1033, 1044 (9th Cir. 2014) (holding that a showing of ineffective assistance can justify a failure to exhaust under § 1326(d)(1) and satisfy the judicial review requirement under § 1326(d)(2)). Whatever the merits of this argument,[4] it falters at the outset.

As noted, the government has submitted a copy of the Notice of Appeal filed on

---

[4] Defendant notes that the 1998 Removal Order shows that his right to appeal was reserved. (Doc. 44-1 at 3.) He argues his attorney's failure to file a notice of appeal under these circumstances would constitute ineffective assistance of counsel. Defendant cites *United States v. Stearns*, 68 F.3d 328 (9th Cir. 2005), for the proposition that failing to file a notice of appeal is *per se* ineffective assistance. Setting aside that the Supreme Court rejected this *per se* rule in *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000), Ninth Circuit precedent suggests that a defendant claiming ineffective assistance based on his attorney's failure to pursue a BIA appeal after reserving his right to do so must still point to evidence showing the defendant did not consent to the abandonment of the appeal or to evidence otherwise demonstrating his attorney's incompetence. *Compare United States v. Villavicencio-Burruel*, 608 F.3d 556, 559–60 & n.2 (9th Cir. 2010) (finding no basis to conclude attorney was ineffective in not pursuing BIA appeal where attorney reserved the right to appeal but did not affirmatively state she would file an appeal and where "the record [was] silent on whether [the defendant] authorized or directed his attorney to file an appeal"), *with Lopez-Chavez*, 757 F.3d at 1041–44 (finding ineffective assistance was "clear and obvious" from the record where attorney erroneously conceded defendant's removability before IJ and thereafter failed to pursue BIA appeal despite reserving the right to do so and without advising defendant of his rights or discussing appeal with him).

- 5 -

Defendant's behalf by attorney Antonio Martinez. (Doc. 44-1 at 4–7.) The Notice makes clear that Defendant, through counsel, appealed his 1998 Removal Order. The government contends Defendant thereafter affirmatively withdrew his appeal. In support, it points to the evidence detailed above: (1) the October 29, 1998 letter purportedly written by Defendant requesting the withdrawal; (2) the November 3, 1998 memorandum summarizing a conversation about the letter between government counsel, Mr. Brown, and Defendant's purported attorney, Pablo Polastri; (3) Mr. Brown's November 3, 1998 transmittal of the letter to the BIA and accompanying certification of service on Defendant and attorney Antonio Martinez; and (4) the March 26, 1999 Withdrawal of Appeals filed by Antonio Martinez on Defendant's behalf. (Doc. 44-1 at 8–11.)

In reply, Defendant does not maintain that his attorney failed to file a notice of appeal. (*See* Reply at 1–2.) Nor does he contest that Antonio Martinez formally withdrew his appeal on March 26, 1999. (*See id*. at 2.) Rather, Defendant questions the authenticity and significance of the government's evidence pertaining to the withdrawal. Defendant notes that the government's representations about who represented Defendant before the BIA were inconsistent and that it is unclear who was his attorney. (*Id*.) He notes there is no evidence that he was not coerced to write the letter; that the handwriting on the October 29 letter is his; that Mr. Brown actually provided Mr. Polastri with the letter; that either Mr. Polastri or Antonio Martinez spoke with Defendant about withdrawing his appeal; or that Mr. Martinez included the October 29 letter, or any other evidence showing Defendant desired to withdraw his appeal, in the March 26 Withdrawal. (*Id*. at 1–2.) The government responds that Defendant has pointed to no evidence suggesting the October 29 letter *was* coerced. (Sur-Reply at 2.) It observes that neither Defendant nor his attorney(s) objected to the government's submission of Defendant's request to withdraw the appeal to the BIA despite having notice of the same for multiple months. (*Id*.)

The Court finds Defendant has not demonstrated that he satisfied, or should be excused from, the exhaustion requirement under § 1326(d)(1). While Defendant's questions about the evidence pertaining to the withdrawal of his appeal are not frivolous,

his arguments effectively—and incorrectly—place the burden under § 1326(d)(1) on the government. Whereas the government has the burden to prove Defendant was previously removed, Defendant has the burden to satisfy § 1326(d)'s requirements for collaterally attacking his removal order. *See Palomar-Santiago*, 141 S. Ct. at 1620–21; *Gonzalez-Villalobos*, 724 F.3d at 1129–30 & n.6. Here, it is undisputed that Defendant initially pursued an appeal of the 1998 Removal Order and that Antonio Martinez, the attorney who filed the Notice of Appeal on his behalf, subsequently withdrew the appeal in a signed, written filing in the BIA. Defendant has not shown the withdrawal was invalid.

Defendant cites *United States v. Crespo* for the proposition that a motion to withdraw an appeal must be accompanied by "[a]n affidavit or signed statement from the defendant showing that he has been advised of his rights with regard to the appeal and expressly stating that he elects to withdraw his appeal." 398 F.2d 802, 803 n. 1 (2d Cir. 1968). As the government notes, that guidance from the Second Circuit pertains to a motion to withdraw as counsel, not to withdraw an appeal. At the time of Defendant's administrative proceedings, it appears the BIA required only a written statement to withdraw an appeal. *See* Executive Office for Immigration Review; Motions and Appeals in Immigration Proceedings, 61 Fed. Reg. 18, 900–01, 18,907 (Apr. 29, 1996) (revising 8 C.F.R. § 3.4—now codified at 8 C.F.R. § 1003.4—to state: "In any case in which an appeal has been taken, the party taking the appeal may file a written withdrawal thereof with the office at which the notice of appeal was filed."); *see also* BIA Practice Manual, Rule 4.11(a), available at https://www.justice.gov/eoir/page/file/1284741/download (last visited May 21, 2023) ("An appealing party may, at any time prior to the entry of a decision by the Board, voluntarily withdraw his or her appeal, with or without the consent of the opposing party. The withdrawal must be in writing and filed with the Board."); *id.*, Rule 4.11(e) ("If a represented [non-citizen] wishes to withdraw an appeal, the [non-citizen]'s representative should file the withdrawal."). That was accomplished here.

In any event, the October 29 letter contains a signed written statement, apparently by Defendant, requesting to withdraw his appeal. Defendant now questions the letter's

authenticity and circumstances under which he may have signed it, but he failed to object at the time despite being on notice for multiple months that the government, the BIA, and his own attorney(s) evidently understood he desired to withdraw the appeal. To the extent Defendant suggests that the handwriting on the letter is not actually his or that he was coerced into writing it, he points to no evidence—whether expert analysis or testimony from himself, his former attorney(s), or any immigration officer—to substantiate these suggestions. *See United States v. Gil-Lopez*, 825 F.3d 819, 820–23 (7th Cir. 2016) (finding defendant failed to satisfy § 1326(d)(1)'s exhaustion requirement where evidence showed he reserved right to BIA appeal but thereafter withdrew the appeal in a writing apparently signed by defendant and two witnesses and transmitted to BIA by his counsel and where defendant failed to produce evidence substantiating argument that he "did not sign the withdrawal knowingly and voluntarily"). Thus, even assuming a defendant could satisfy the exhaustion requirement by showing that the withdrawal of his BIA appeal was invalid, Defendant has not made such a showing here.[5]

### B.    Opportunity for Judicial Review

As with the first prong, the argument in Defendant's Motion with respect to the second prong under § 1326(d)(2) is based on the incorrect premise that his attorney failed

---

[5] Defendant raised an argument in his initial Reply (Doc. 47) that the withdrawal of his appeal amounted to a waiver of his right to appeal and that it was not "considered and intelligent," which the Ninth Circuit has recognized as grounds for excusal of the exhaustion requirement. *See Castellanos-Avalos*, 22 F.4th at 1145. This argument is absent from the Amended Reply he filed three days later. The Court therefore understands Defendant to have abandoned this argument but, even if considered, it would not appear to provide a basis to find in Defendant's favor. As an initial matter, the Ninth Circuit's decision in *Villavicencio-Burruel* suggests this doctrine may not apply equally to the failure to pursue an appeal after reservation of the right to appeal as it does to the waiver of the right to appeal in the first instance. *See* 608 F.3d at 560 ("[Defendant] never waived his right to appeal to the BIA at all; rather, his counsel expressly reserved that right twice during the removal hearing but declined to exercise that right before expiration of the time to appeal."). Even assuming the doctrine applies to an affirmative withdrawal of an appeal, here the government has produced evidence supporting the validity of the withdrawal and Defendant has not met his burden to come forward with contravening evidence. *See United States v. Reyes-Bonilla*, 671 F.3d 1036, 1043 (9th Cir. 2012) ("[W]here the government introduces official records which on their face show a valid waiver of rights in connection with a deportation proceeding, the burden shifts to the defendant to come forward with evidence tending to prove the waiver was invalid." (quoting *United States v. Galicia–Gonzalez,* 997 F.2d 602, 604 (9th Cir. 1993)).

- 8 -

to file a notice of appeal. (*See* Mot. at 4–5.) The Court finds Defendant has not satisfied, nor demonstrated he should be excused from satisfying, § 1326(d)(2) because any lack of opportunity for judicial review of his 1998 Removal Order flowed not from a defect in his removal proceedings but from his affirmative withdrawal of BIA review of those proceedings. *See* 8 U.S.C. § 1252(d)(1) (permitting judicial review of a final order of removal only if "the [non-citizen] has exhausted all administrative remedies available to the [non-citizen] as of right"); *Palomar-Santiago*, 141 S. Ct. at 1621 n.3 (noting that under § 1252(d)(1) non-citizens generally "may not seek review of a removal order in federal court without first appealing the order to the BIA").

## IV. CONCLUSION

Defendant has not satisfied the first and second requirements under § 1326(d) to sustain a collateral attack on the 1998 Removal Order upon which the Indictment is predicated. Because this failure is dispositive of the denial of his Motion, the Court does not reach Defendant's argument that his New York conviction is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). *See Castellanos-Avalos*, 22 F.4th at 1146; *cf. Alvarez*, 60 F.4th at 556 ("Because [defendant]'s removal order was not fundamentally unfair, we need not determine whether he satisfied § 1326(d)'s first two requirements.").

**IT IS THEREFORE ORDERED** denying Defendant's Motion to Dismiss the Indictment (Doc. 36).

Dated this 24th day of May, 2023.

Honorable John J. Tuchi
United States District Judge